IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JESUS GREGORIO CABRERA GOMEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.   ) | 1:25-cv-1997 (LMB/WEF) |
| ) | |
| KRISI NOEM, et al., ) | |
| ) | |
| Respondents. ) | |

ORDER

Petitioner Jesus Gregorio Cabrera Gomez ("Gomez"), a native and citizen of El Salvador, has filed a three-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") agency since September 29, 2025. Specifically, he alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act (Count II) and his due process rights (Count III). Accordingly, Gomez seeks "a declaration from this Court that he is not an applicant for admission 'seeking admission' or 'an arriving alien' subject to mandatory detention under 8 U.S.C. § 1225(b)(1) or (b)(2)" (Count I).

Gomez is currently detained at the Farmville Detention Center, which is within this Court's jurisdiction and the basis upon which he is suing Jeffrey Crawford, the warden of the Farmville Detention Center. Gomez has also sued Kristi Noem, the DHS Secretary; Todd Lyons, the Acting Director of ICE; Joseph Simon, the Director of the Washington ICE Field Office; and Pamela Bondi, the Attorney General (collectively, "the federal respondents"). For the reasons discussed in this Order, the Court finds that Gomez is detained pursuant to 8 U.S.C.

§ 1226(a). Accordingly, his Petition will be granted as to Count III, and respondents will be ordered to release him from custody and provide him with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a).[1]

I.

According to his Petition, Gomez is a citizen of El Salvador and "entered the United States without inspection between ports of entry, across the U.S.-Mexico border, on or about July 10, 2007, over 18 years ago." [Dkt. No. 1] at ¶ 33. Gomez has a "legal permanent daughter" and lives in Purcellville, Virginia with his wife and parents-in-law. Id. ¶ 34. On September 29, 2025, Gomez "was riding as a passenger in his friend's car in Purcellville, Virginia, when he was arrested and charged with a violation of VA Code § 18.2-388, Intoxication in Public," and he has "paid all fines and costs relating to this charge." Id. ¶ 35. Gomez was then taken into ICE custody and has since been detained at the Farmville Detention Center. Id.

Gomez filed his Petition for Writ of Habeas Corpus on November 7, 2025. [Dkt. No. 1]. This Court subsequently entered an Order requiring that he not "be removed or transferred from this district for any reason without this Court's permission" and directing the federal respondents to "file either a Notice indicating that the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in Ceba Cinta v. Noem, et al., 1:25-cv-1818 (E.D. Va.), or an Opposition to the Petition discussing the material differences between Ceba Cinta and this Petition." [Dkt. No. 2] at 1. In response, the federal respondents filed a notice stating that "the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in Ceba Cinta" and requesting that this Court "incorporate the filings in Ceba Cinta into the record of this habeas action." [Dkt. No. 4] at 1–2.

---

[1] Because the Court is granting relief on due process grounds, it need not address Gomez's argument based on the Immigration and Nationality Act.

2

Finding that oral argument will not aid the decisional process, the Petition will be resolved on the papers submitted.

II.

The central question posed in Gomez's Petition is whether he is subject to mandatory detention under § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under § 1226(a). As the federal respondents argued in their Ceba Cinta opposition—which has been incorporated into the record in this civil action—whether an individual is detained under § 1225(b) or § 1226(a) lies in the "distinction between aliens who are detained after a lawful admission into the U.S. and those who are present without a lawful admission." Ceba Cinta v. Noem, et al., 1:25-cv-1818, Dkt. No. 9 (E.D. Va. Oct. 28, 2025). According to the federal respondents, anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. Id. Therefore, they argue that because Gomez has not been admitted "as a legal matter" into the United States, he is inadmissible under 8 U.S.C. § 1182(a), considered to be an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). Id.

This argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as multiple district courts throughout the country have found,[2] is contrary to

---

[2] See, e.g., Gomes v. Hyde, 2025 WL 1869299 (D. Mass. July 7, 2025); Martinez v. Hyde, 2025 WL 2084238 (D. Mass. July 24, 2025); Lopez Benitez v. Francis, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); Maldonado v. Olson, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); Arrazola-Gonzalez v. Noem, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); J.O.E. v. Bondi, 2025 WL 2466670 (D. Minn. Aug. 27, 2025); Jacinto v. Trump, 2025 WL 2402271 (D. Neb. Aug. 19, 2025); Samb v. Joyce, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); Dos Santos v. Noem, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); Garcia Jimenez v. Kramer, 2025 WL 2374223 (D. Neb. Aug. 14, 2025); Anicasio v. Kramer, 2025 WL 2374224 (D. Neb. Aug. 14, 2025); Rosado v. Figueroa, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); Orellana Juarez v. Moniz, 2025 WL

DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. See Romero v. Hyde, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have an extremely limited (if any) application." Lopez Benitez v. Francis, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025).

This Court has previously addressed several of these points in Hasan v. Crawford, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025), and maintains and incorporates that reasoning into this Order. That same reasoning has been applied in multiple cases since this Court issued its memorandum opinion in Hasan, and where this Court has required that a petitioner be provided with a standard bond hearing pursuant to § 1226(a), the petitioner has been granted bond. Vargas Nunez v. Lyons, et al., 1:25-cv-1574-LMB-WEF, Dkt. No. 12 (E.D. Va. Oct. 15, 2025) (released on his own recognizance); Diaz Gonzalez v. Lyons, et al., 1:25-cv-1583-LMB-IDD, Dkt. No. 10 (E.D. Va. Oct. 15, 2025) (released on his own recognizance); Gomez Alonzo v. Simon, et al., 1:25-cv-1587-LMB-LRV, Dkt. No. 20 (E.D. Va. Oct. 9, 2025) (released on a $1,500 bond); Perez Bibiano v. Lyons, et al., 1:25-cv-1590-LMB-WEF, Dkt. No. 10 (E.D. Va. Oct. 14, 2025) (released on his own recognizance); Guerra Leon v. Noem, et al., 1:25-cv-1634-LMB-WEF, Dkt. No. 14 (E.D. Va. Oct. 22, 2025) (released on his own recognizance); Melendez v. U.S. Immigr. & Customs Enf't, et al., 1:25-cv-1622-LMB-WBP, Dkt. No. 14 (E.D. Va. Oct.

---

1698600 (D. Mass. June 11, 2025); Hernandez Nieves v. Kaiser, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); Vasquez Garcia v. Noem, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); Carmona-Lorenzo v. Trump, 2025 WL 2531521 (D. Neb. Sept. 3, 2025); Lopez-Campos v. Raycroft, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); Kostak v. Trump, 2025 WL 2472136 (W.D. La. Aug. 27, 2025).

28, 2025) (released on his own recognizance); Sanchez Saire v. Elliston, et al., 1:25-cv-1808-LMB-WBP, Dkt. No. 9 (E.D. Va. Nov. 4, 2024) (released on a $1,500 bond); Ortiz Martinez v. Noem, et al., 1:25-cv-1816-LMB-WEF, Dkt. No. 16 (E.D. Va. Nov. 4, 2025) (released on a $5,000 bond); see also Chaudhari v. Crawford, et al., 1:25-cv-1772-LMB-IDD, Dkt. No. 14 (E.D. Va. Oct. 27, 2025) (releasing a petitioner from ICE custody after this Court determined that he had already been released on bond pursuant to § 1226(a)). Moreover, DHS has chosen not to appeal the Immigration Judges' bond decisions.

Gomez has been present in the United States since 2007. [Dkt. No. 1] at ¶ 33. Because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), Gomez's detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether he poses a danger to the community, and whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge makes such a determination, Gomez's continued detention is unlawful.

III.

For all the reasons stated above, Gomez's Petition [Dkt. No. 1] is GRANTED, and it is hereby

ORDERED that Gomez be promptly released from custody, with all his personal property, pending his bond hearing before an Immigration Judge. Gomez must live at a fixed address which he must provide to the federal respondents.

ORDERED that respondents provide Gomez with a standard bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 14 days of the date of this Order; and it is further

5

ORDERED that respondents be and are ENJOINED from denying bond to Gomez on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that, if Gomez is granted bond, respondents be and are ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2)[3]; and it is further

ORDERED that respondents file a status report with this Court within 3 days of the bond hearing, stating whether Gomez has been granted bond, and, if his request for bond was denied, the reasons for that denial.

The Clerk is directed to enter judgment in Gomez's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 19th day of November, 2025.

Alexandria, Virginia

/s/ _____
Leonic M. Brinkema
United States District Judge

---

[3] This Court has previously found that "the automatic stay imposed in immigration cases constitutes an unequivocal violation of due process." Hasan, 2025 WL 2682255, at *13.

6